UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MICHAEL S. OWL FEATHER-GORBEY, #33405-013,<br><br>Plaintiff,<br><br>v.<br><br>WARDEN SPAULDING, et al.,<br><br>Defendants. | CIVIL ACTION NO. 3:20-cv-01513<br><br>(SAPORITO, M.J.) |

## MEMORANDUM

This matter comes before the Court on a motion by the plaintiff, Michael S. Owl Feather-Gorbey, for leave to proceed *in forma pauperis* ("IFP") in this action. (Doc. 2). For the reasons stated herein, we will deny the plaintiff's motion and order him to pay the applicable filing and administrative fees in full or face summary dismissal of this action.

I. **BACKGROUND**

On August 24, 2020, the Court received a *pro se* complaint signed and dated by the plaintiff on August 3, 2020. (Doc. 1.) The complaint named several USP Lewisburg supervisory, correctional, and medical staff members as defendants. It alleges violations of the plaintiff's federal constitutional rights, presumably actionable under *Bivens v. Six*

*Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). Together with the complaint, the plaintiff submitted a motion for leave to proceed IFP in this action. (Doc. 2.)

This plaintiff is subject to the "three strikes rule" set forth in 28 U.S.C. § 1915(g) because he has previously brought three or more federal actions or appeals that were dismissed as frivolous, as malicious, or for failure to state a claim. *See Owl Feather-Gorbey v. Spaulding*, Civil No. 3:20-cv-1457, 2020 WL 6787493, at *1 (M.D. Pa. Nov. 17, 2020) ("Gorbey is a prolific filer who is subject to the three strikes provision set forth in 28 U.S.C. § 1915(g)."). "Accordingly, he may not proceed *in forma pauperis* unless he was in imminent danger of serious physical injury at the time he filed his complaint." *Id.* (citing *Abdul-Akbar v. McKelvie*, 239 F.3d 307, 310–11 (3d Cir. 2001) (en banc)).

II. DISCUSSION

The plaintiff is barred from proceeding without prepayment of fees unless he was "under imminent danger of serious physical injury." *See* 28 U.S.C. § 1915(g). "The Act provides a limited exception to [the three strikes] rule when a prisoner is in 'imminent danger of serious physical injury,' which serves as a 'safety valve' to ensure that a prisoner is not

subject to serious injury due to his inability to pay a filing fee." *Brown v. Lyons*, 977 F. Supp. 2d 475, 481 (E.D. Pa. 2013). Allegations of imminent danger must be evaluated in accordance with the liberal pleading standard applicable to *pro se* litigants, although the Court need not credit "fantastic or delusional" allegations. *Gibbs v. Cross*, 160 F.3d 962, 966–67 (3d Cir. 1998). Moreover, "a prisoner claiming that she is in imminent danger of serious physical harm must make specific and credible allegations to that effect." *Ball v. Famiglio*, 726 F.3d 448, 470 (3d Cir. 2013) (internal quotation marks and alterations omitted), *abrogated on other grounds by Coleman v. Tollefson*, 135 S. Ct. 1759 (2015). "When considering whether imminent danger of physical injury has been alleged, courts may reject 'vague' or 'conclusory' allegations as insufficient to provide a basis for IFP status." *Brown*, 977 F. Supp. 2d at 483 (citing *Famiglio*, 726 F.3d at 468).

"[A] prisoner may invoke the 'imminent danger' exception only to seek relief from a danger which is 'imminent' at the time the complaint is filed." *Abdul-Akbar*, 239 F.3d at 312. "'Imminent' dangers are those dangers which are about to occur at any moment or are impending." *Id.* at 315. "Someone whose danger has passed cannot reasonably be

described as someone who 'is' in danger, nor can that past danger reasonably be described as 'imminent.'" *Id.* at 313. Moreover, "even if an alleged harm may in fact be 'impending,' it does not satisfy this exception if it does not threaten to cause 'serious physical injury.'" *Brown*, 977 F. Supp. 2d at 483 (citing 28 U.S.C. § 1915(g)).

Reviewing the complaint and other submissions, it is clear that no imminent danger of serious physical injury has been credibly alleged. The complaint alleges that, on July 31, 2020, the plaintiff was tested and found to be positive for COVID-19.[1] He was then transferred to a quarantined area, where he was placed in a cell with another inmate who had tested positive for COVID-19. The complaint alleges that, over the next three days,[2] the plaintiff had been denied showers and had not been evaluated by medical staff.

We find that the plaintiff has failed to allege any imminent danger of serious physical injury. The suggestion that, despite his own positive COVID-19 test, Gorbey might *not* be infected because testing swabs were

---

[1] The complaint also contains allegations regarding a prior cellmate, but these allegations are not relevant to any imminent danger analysis, as the plaintiff had since been transferred to a new cell.

[2] The complaint is dated August 3, 2020.

handled improperly is rank speculation. Further, the purportedly serious physical injury alleged is speculative at best: the complaint does not allege that the plaintiff has suffered any symptoms of COVID-19, nor that he is an older adult or suffers from any pre-existing health condition that would make him more vulnerable to the health risks posed by COVID-19. Moreover, the danger alleged by the plaintiff is entirely in the *past*, and thus cannot be said to be imminent. The purportedly imminent danger alleged is exposure to a COVID-positive cellmate, which has already occurred, and only occurred *after* the plaintiff himself tested positive for COVID-19.

### III. CONCLUSION

Based on the foregoing, the plaintiff's motion for leave to proceed *in forma pauperis* (Doc. 2) shall be denied, and the plaintiff shall be ordered to pay the applicable filing fee in full within thirty days of the date of the accompanying Order or dismissal of this action will be recommended.

An appropriate Order follows.

Dated: December __11__, 2020

*/s/ Joseph F. Saporito, Jr.*
JOSEPH F. SAPORITO, JR.
United States Magistrate Judge